AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED
10 OCT -5 AM 11:38
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
RUBEN CASTRO-HERRERA (1)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 10CR0411-BEN

ROBERT CARRIEDO
Defendant's Attorney

**REGISTRATION NO.** 60647198

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) 1 OF THE INDICTMENT.
☐ was found guilty on count(s) ______
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 952, 960 | IMPORTATION OF MARIJUANA | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☒ Count(s) REMAINING is ☒ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00

☐ Fine waived ☐ Forfeiture pursuant to order filed ______, included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

SEPTEMBER 27, 2010
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

DEFENDANT: RUBEN CASTRO-HERRERA (1)
CASE NUMBER: **10CR0411-BEN**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FIFTY-ONE (51) MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

DEFENDANT BE ALLOWED TO PARTICIPATE IN THE 500-HOUR DRUG TREATMENT PROGRAM.

DEFENDANT BE INCARCERATED WITHIN THE WESTERN REGION OF THE UNITED STATES.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐a.m. ☐p.m. on ____________ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ ____________________________

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________ , with a certified copy of this judgment.

____________________________
UNITED STATES MARSHAL

By ____________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: RUBEN CASTRO-HERRERA (1)
CASE NUMBER: **10CR0411-BEN**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backing Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RUBEN CASTRO-HERRERA (1)
CASE NUMBER: **10CR0411-BEN**

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☒ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☒ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Participate in a mental health treatment program as directed by the probation office.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within days.

☐ Complete hours of community service in a program approved by the probation officer within

☒ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days.

☐ Reside in a Residential Reentry Center (RRC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

☐ Remain in your place of residence for a period of , except while working at verifiable employment, attending religious services or undergoing medical treatment.

☐ Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

☐ Comply with the conditions of the Home Confinement Program for a period of months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

DEFENDANT: RUBEN CASTRO-HERRERA (1)
CASE NUMBER: 10CR0411-BEN

# FINE

The defendant shall pay a fine in the amount of $325.00 unto the United States of America.

This sum shall be paid ___ immediately.
_x_ as follows:

Through the Inmate Financial Responsibility Program (IFRP) at the rate of $25.00 per quarter during the period of incarceration, with any balance due to be paid within one (1) year of release from imprisonment.

The Court has determined that the defendant does have the ability to pay interest. It is ordered that:

_x_ The interest requirement is waived.

___ The interest is modified as follows: